IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 17-cv-01565-LTB

MICKEY FROID,

    Plaintiff,

v.

DITECH FINANCIAL, LLC

    Defendant.

---

## ORDER
---

    This case revolves around the impact of a letter Defendant Ditech Financial, LLC (Ditech) sent to Plaintiff Mickey Froid. The letter wrongly told Mr. Froid that the statute of limitations on a debt he owed had expired. Based on that letter, Mr. Froid wants this Court to enter declaratory judgment in his favor. Ditech asks this Court to dismiss the case, arguing that because the statute of limitations has not expired, the complaint does not state a claim for relief. I agree with Ditech that the complaint does not state a claim for relief. I accordingly GRANT Ditech's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.)

## I. Background

Ditech is a mortgage servicing company that services the loan Mr. Froid has on real property located at 5800 Tower Road #404 in Denver, Colorado. Under the terms of the loan, Mr. Froid must repay the note in monthly installments, with the final payment of any unpaid principal and interest due on the note's maturity date of October 25, 2030. (Note, ECF No. 9-1.)

On January 8, 2016, Ditech mailed a form letter to Mr. Froid, explaining various debt collection laws. (Jan. 8, 2016 letter, ECF No. 10-1.) In postscript at the bottom of the letter, it reads, "[p]lease be advised that we cannot bring a legal action to collect this debt or threaten to do so because the statute of limitations has expired." (*Id.*) After he received the letter, Mr. Froid filed suit in this Court, seeking a "[d]eclaratory judgment that the lien held by Ditech on Plaintiff's property has been extinguished," because "once the statute of limitations to enforce a note has expired, the corresponding lien is extinguished." (Compl. ¶¶ 6, 8(a).)

Ditech filed a motion to dismiss the case under Rule 12(b)(6), arguing that despite what the letter says, the statute of limitations on the note has not expired and its lien is valid.

## II. RULE 12(b)(6) STANDARD

### A. General Standard

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center*, 543 F.3d 1211, 1217 (10th Cir. 2008) (quotation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Although plaintiffs need not provide "detailed factual allegations" to survive a motion to dismiss, they must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Ashcroft*, 556 U.S. at 678 (explaining that a complaint will not suffice if it offers "naked assertions devoid of further factual enhancement" (quotations and alterations omitted)). Furthermore, conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 679.

A court may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or ultimately prevail on the merits. *Twombly*, 550 U.S. at 556. Instead, a court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the

necessary elements. *Id.* If, in view of the facts alleged, it can be reasonably conceived that the plaintiff could establish a case that would entitle him to relief, the motion to dismiss should not be granted. *Id.* at 563 n.8.

Granting a motion to dismiss is a "harsh remedy" that should be "cautiously studied" to "effectuate the liberal rules of pleading" and "protect the interests of justice." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotations omitted).

## B.     B.     Documents Outside the Pleadings

At the motion to dismiss stage, courts generally cannot consider evidence outside of the pleadings. *See, e.g., Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("Generally, the sufficiency of a complaint must rest on its contents alone."). However, a court may properly consider additional documents in a Rule 12(b)(6) motion if they are (1) "mentioned in the complaint," (2) "central to [the] claims," and (3) not challenged as inauthentic. *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013). I accordingly consider the note Mr. Froid signed (Note, ECF No. 9-1) and the January 8, 2016 letter Ditech sent to Mr. Froid (Jan. 8, 2016 letter, ECF No. 10-1), which the parties agree meet these requirements.

## III. ANALYSIS

Even viewing the facts in the complaint in the light most favorable to Mr. Froid, the complaint does not state a plausible claim for relief. To establish the right to declaratory relief sufficient to withstand a Rule 12(b)(6) motion to dismiss, Mr. Froid must plausibly allege that the cause of action any right set forth in the note accrued more than six years ago. Colo. Rev. Stat. § 13-80-103.5(1)(a). To make that showing, Mr. Froid must allege that the full amount of loan was due more than six years ago. *See* Colo. Rev. Stat. § 13-80-108(4).

None of the allegations in the complaint suggest that the full amount of loan was due six years ago. The terms of the note itself suggest it isn't due until October 25, 2030. (Note, ECF No. 9-1.) While Mr. Froid suggests, in his briefing, that the loan could have been accelerated, the allegations in the complaint do not suggest it was. Under Colorado law, a lender must perform a "clear, unequivocal act" to accelerate a loan, *Hassler v. Account Brokers of Larimer Cnty., Inc.*, 274 P.3d 547, 553 (Colo. 2012), and there is nothing in the complaint approaching that level of clarity. The mere possibility that the loan here *could* have been accelerated, without any suggestion it actually was, does not push allegations into the plausible realm. *Ashcroft*, 556 U.S. at 678. Similarly, the fact that the Ditech sent a letter suggesting the statute of limitations had run does not state of a claim for relief where, as here, the terms of the note show otherwise and the allegations in the complaint do not suggest that the loan's terms were ever altered. *See id.*

## IV. CONCLUSION

For the foregoing reasons, Ditech's motion to dismiss is GRANTED. (Mot. Dismiss, ECF No. 9.) This case is dismissed.

BY THE COURT:

   s/Lewis T. Babcock           
LEWIS T. BABCOCK, JUDGE

DATED: February 13, 2018